UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWIN BROOKS,

           Petitioner,           Case No. 1:08-cv-770

v.                                         Honorable Robert Holmes Bell

UNKNOWN PARTY #1 et al.,

           Respondents.
_____/

**OPINION**

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2241. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES[1]; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must

---

[1] The Rules Governing § 2254 Cases may be applied to a habeas corpus action filed pursuant to 28 U.S.C. § 2241. Rule 1(b), RULES GOVERNING § 2254 CASES.

be dismissed without prejudice because it is premature. The Court further concludes that it is proper to dismiss the supplement and the amended complaint without prejudice.

## Discussion

I. Factual Allegations

Petitioner is currently a pretrial detainee at the Berrien County Jail in St. Joseph, Michigan, awaiting trial on unspecified charges. In his petition, Petitioner asserts that Respondents "my attorney," "the states attorney [sic]," "the judge," "the lead detective," and Detective Frederick Laesch are conspiring against Petitioner to bring false charges in a "bogus case." (Pet. at 1, docket #1; Supp. at 3, docket #6.) Petitioner asserts that the Judge will not allow Petitioner to fire his attorney, that Respondents did not have enough information or evidence to pursue a prosecution and that the testimony of the witnesses was false. (Pet. at 3.) Petitioner requests to be released from jail and have Respondents "held accountable for their actions." (*Id.*)

In a supplement (docket #6), Petitioner stated that he wishes to file additional charges against Deputy Juan Mata for tampering with his mail. (Supp. at 1.)

Petitioner then filed an "amended complaint" alleging a claim under 42 U.S.C. § 1983 against eight new "Defendants." (Am. Compl. at 1-3, docket #9.) Petitioner's amended complaint sets forth similar facts as those outlined in his habeas petition as well as additional allegations against the named Defendants. Petitioner requests "dismissal of case no. 2008411724," "all evidence and/or information directly or indirectly related to the illegal search and seizure of [his] residence thrown out," and compensatory and punitive damages in the amount of $5,920,000.00. (Am. Compl. at 5.)

II. Habeas Action is Premature

Petitioner has not yet been convicted by a state court and his application for habeas relief must be dismissed because it is premature. Although section 2241 gives the federal courts jurisdiction to consider pretrial habeas corpus petitions, "the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). "Intrusion into state proceedings already underway is warranted only in extraordinary circumstances." *Id*. Federal habeas corpus relief is only available to review the merits of a state criminal charge prior to a judgment or conviction by a state court in "special circumstances." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973). The Sixth Circuit Court of Appeals has found that a federal court may consider a pretrial habeas corpus petition when the petitioner seeks a speedy trial and has exhausted available state court remedies, *Atkins*, 644 F.2d at 546-47, seeks to avoid a second trial on the grounds of double jeopardy, *Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir.1981); *see also Justices of Boston Mun. Court v. Lydon*, 466 U.S. 294, 300-03 (1984), or faces prejudice from prior ineffective assistance of counsel and due process violations on retrial, *Turner v. Tennessee*, 858 F.2d 1201, 1204 (6th Cir.1988), *vacated on other grounds*, 492 U.S. 902 (1989). None of the aforementioned exceptions fits the present case. Rather, Petitioner seeks to challenge the substantive merit of the criminal charges now pending against him. Pretrial habeas corpus is simply unavailable for such a challenge.

Additionally, Petitioner has not alleged that he has exhausted his state court remedies. The federal courts have developed a common-law doctrine of exhaustion to protect the opportunity of the state courts to resolve constitutional issues arising within their jurisdictions and to limit

federal interference in the state criminal process. *Atkins*, 644 F.2d at 546. The practical effect of this exhaustion requirement is that review of dispositive claims by habeas petition is not available before a state trial and appeal of the final judgment at every level of the state-court system. *See, e.g., Adams v. Michigan*, No. 1:06-cv-785, 2006 WL 3542645, at *1 (W.D. Mich. Dec. 7, 2006); *Frazier v. Michigan*, No. 06-cv-11624, 2006 WL 1156438, at * 1 (E.D. Mich. Apr. 28, 2006); *Van Durmen v. Jones*, No. 4:02-cv-184, 2006 WL 322486, at * 2 (W.D. Mich. Feb. 10, 2006). Petitioner's claims may be resolved at his trial or upon appeal of the final judgment to the state courts. Accordingly, the filing of Petitioner's application for habeas corpus relief was premature and will be dismissed.

### III.     Supplement and Amended Complaint

The supplement (docket #6) and amended complaint (docket #9) improperly seek to add civil rights claims to Petitioner's application for habeas relief. Petitioner's original filing in this case clearly stated that it was 're[garding]: petition for writ of habeas corpus" and it was treated as such. (Pet. at 1.) A civil rights action challenging the legal and factual basis for a criminal prosecution cannot be maintained unless and until the plaintiff has prevailed in setting aside his conviction on appeal or collateral review. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Therefore, even though Petitioner's pleading is deemed amended as of right, FED. R. CIV. P. 15(a)(1), the amendment does state a claim. Petitioner cannot allege civil rights violations surrounding his prosecution, until the state court prosecution has terminated in his favor. Petitioner's supplement and amended complaint will be dismissed without prejudice. If Petitioner wishes to proceed with the civil rights claims that do not call into question the validity of the prosecution, he may raise his potential civil rights claims properly in a § 1983 action.

**Conclusion**

In light of the foregoing, the Court will summarily dismiss Petitioner's application without prejudice pursuant to Rule 4 because it is premature. The Court will also dismiss the supplement and the amended complaint without prejudice.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is

warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application because it is premature. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural grounds of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.


Dated: October 22, 2008                  /s/ Robert Holmes Bell
                                         ROBERT HOLMES BELL
                                         UNITED STATES DISTRICT JUDGE